UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | MAGISTRATE NO. 19-MJ-256 |
| | : | MAGISTRATE NO. 19-MJ-257 |
| RAMONE ONEAL, and | : | |
| HENRY KERNEY, | : | VIOLATIONS: |
| | : | 18 U.S.C. § 1951 |
| Defendants. | : | (Interference with Interstate Commerce |
| | : | by Robbery) |
| | : | 18 U.S.C. § 924(c)(1)(A)(iii) |
| | : | (Using, Carrying, Possessing, and |
| | : | Discharging a Firearm During and in |
| | : | Relation to a Crime of Violence) |
| | : | 18 U.S.C. § 2 |
| | : | (Aiding and Abetting) |
| | : | 18 U.S.C. § 922(g)(1) |
| | : | (Unlawful Possession of a Firearm and |
| | : | Ammunition by a Person Convicted of a |
| | : | Crime Punishable by Imprisonment for a |
| | : | Term Exceeding One Year) |
| | : | |
| | : | FORFEITURE: 18 U.S.C. § 981(a)(1)(C); |
| | : | 18 U.S.C. § 924(d); 28 U.S.C. § 2461(c); |
| | : | and 21 U.S.C. § 853(p) |

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE

On or about September 15, 2019, within the District of Columbia, **RAMONE ONEAL** and **HENRY KERNEY**, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that defendants **RAMONE ONEAL** and **HENRY KERNEY**, did unlawfully take and obtain marijuana and drug proceeds from the person

of E.B., against E.B.'s will by means of actual and threatened force, violence, and fear of injury, immediate and future, to E.B.'s person, while the E.B. was engaged in commercial activities that affects interstate commerce.

> **(Interference with Interstate Commerce By Robbery and Aiding and Abetting**, in violation of Title 18, United States Code, Section 1951 and Section 2)

## COUNT TWO

On or about September, 15, 2019, within the District of Columbia, **RAMONE ONEAL** and **HENRY KERNEY**, did unlawfully and knowingly use, carry, and discharge a firearm, that is, a Glock 23 .40 caliber semi-automatic handgun, during and in relation to, and possess in furtherance of, a crime of violence, for which each may be prosecuted in a court of the United States, that is, Count One of this Indictment, which is incorporated herein, and did aid and abet the use, carrying, possession, and discharge of the firearm.

> **(Using, Carrying, Possessing, and Discharging a Firearm During and in Relation to a Crime of Violence and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and Section 2)

## COUNT THREE

On or about September 15, 2019, within the District of Columbia, **HENRY KERNEY**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case No. 2017-CF2-1693 and 2016-CF2-10772, did unlawfully and knowingly receive and possess a firearm, that is, a Glock 23 .40 caliber semi-automatic pistol and did unlawfully and knowingly receive and

possess ammunition, that is, .40 caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

(**Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT FOUR

On or about October 9, 2019, within the District of Columbia, **RAMONE ONEAL**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case No. 2014-CF3-3344, did unlawfully and knowingly receive and possess a firearm, that is, a Glock 17 9mm semi-automatic pistol and did unlawfully and knowingly receive and possess ammunition, that is, 9mm ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

(**Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to this offense. The United States will also seek a forfeiture money judgment equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to this offense.

2. Upon conviction of the offense alleged in Count Two, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of this offense, including but not limited to, a Glock 23 .40 caliber semi-automatic handgun, a Glock 17 9mm semi-automatic handgun, .40 caliber ammunition, and 9mm ammunition.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be divided without difficulty;

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

(**Criminal Forfeiture,** pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 924(d), Title 28, United Sates Code, Section 2461(c), and Title 21, United States Code, Section 853(p))

A TRUE BILL:

FOREPERSON.

Jessie K. Liu (DAB)
Attorney of the United States in
and for the District of Columbia.